Filed 6/28/24  P. v. Ryan CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D081952 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. Nos. MH118915, M279225) |
| CHRIS STEWART RYAN, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Laura H. Parsky, Judge.  Affirmed.

Rudy Kraft, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Chris Stewart Ryan has been charged with two misdemeanor counts of driving under the influence of alcohol (Veh. Code, §§ 23152, subd. (a); 23152, subd. (b)).  He was found not competent to stand trial.  Ryan later brought a motion to be found competent and to dismiss the criminal charges.  The court denied the motion.

Ryan filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) indicating counsel has not been able to identify any arguable issues for reversal on appeal. Counsel asks the court to independently review the record for error as mandated by *Wende*. We offered Ryan the opportunity to file his own brief on appeal, but he has not responded.

Appellate counsel provided a summary of the factual material considered by the court in finding Ryan still not competent to stand trial and denying the motion to dismiss. The facts of the underlying offense are not relevant to the resolution of this appeal. We will incorporate that summary here to provide background information.

According to the competency report prepared by Sandeep Jouhal, M.D., filed October 18, 2022, on December 26, 2021, Ryan was allegedly involved in a collision with a sidewalk tree and his vehicle. When he was removed from the vehicle they detected a strong order of alcohol, bloodshot eyes, slurred speech, and difficulty sitting on the curb. Ryan engaged in the field sobriety test but refused to participate in the alphabet test.

Dr. Jouhal sought to interview Ryan, but Ryan declined to participate in the interview because he did not believe it would be beneficial to his case since he was going to plead not guilty. He did not appear to understand the doctor's explanation of the benefits of participating and stated, "[T]here are people following me, . . . eye[s] on me, following me on my electronic devices. I don't know where they are coming from. Last night they changed my playlist to shuffle and started playing songs they wanted me to hear." He provided Dr. Jouhal with paperwork, which Dr. Jouhal characterized as demonstrating that Ryan did not have a rational understanding of the charges against him and the court's proceeding.

2

Based upon this material and Ryan's behavior at the interview, Dr. Jouhal indicated that his diagnostic impression of Ryan was "Psychosis Not Otherwise Specified F29." He concluded that Ryan was not competent to stand trial both because of his "paranoid and delusional thinking" and because he lacked an understanding of the charges or the court system and would therefore be unable to assist his attorney. He recommended Ryan be referred to a psychiatrist in the community for a psychiatric evaluation because Ryan was facing misdemeanor charges.

In a report filed on February 14, 2023, Alma Carpio, Psy.D. conducted an evaluation of Ryan's competency to stand trial. Carpio based the report on her interview with Ryan, a review of two competency reports prepared by Dr. Jouhal, a review of the district attorney's file, and documents provided by Ryan. At the interview, Ryan told Carpio he was not willing to participate in the interview, handed her an envelope with documents, and left.

The documents included forms indicating that he was suing the People of the United States for an amount in excess of $31 trillion. He also indicated his desire to appeal the mental competency exam and provided additional "rambling and disorganized statements." Carpio recorded a diagnostic impression of "unspecified schizophrenia spectrum and other psychotic disorder." She further concluded based upon the information, and her review of Ryan's behavior, that he was presently incompetent to stand trial and because he was facing misdemeanor charges, she recommended he be referred for mental health services.

## DISCUSSION

As we have noted, counsel has filed a *Wende* brief and asks the court to review the record for error. To assist the court in its review, and in

compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has identified two possible issues for our consideration:

1.      Whether there is sufficient evidence in the record to support the trial court's decision.

2.      Whether the court erred in denying Ryan's motion to dismiss the criminal case.

We have reviewed the record as required by *Wende* and *Anders*.  We have not discovered any arguable issues for reversal on appeal. Competent counsel has represented Ryan on this appeal.

DISPOSITION

The order denying Ryan's motion to dismiss is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:


IRION, J.


BUCHANAN, J.

4